Case 2:26-cv-05457   Document 1   Filed 05/20/26   Page 1 of 10   Page ID #:1

Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MOSENI p/k/a "NIEVE," an individual;<br><br>Plaintiff,<br><br>v.<br><br>SHAUN HOPKINS p/k/a SOULCHEF, an individual; KOBALT MUSIC PUBLISHING AMERICA, INC., a Delaware Corporation; URBAND & LAZAR MUSIC PUBLISHING, INC., a Florida Corporation; CINQ MUSIC GROUP, LLC, a California Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. DECLARATORY JUDGMENT**<br>**2. ACCOUNTING**<br>**3. DECLARATORY JUDGMENT**<br>**4. DECLARATORY JUDGMENT**<br>**5. BREACH OF CONTRACT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1

COMPLAINT

Plaintiff, Steven Moseni, professionally known as "Nieve" ("Nieve"), through counsel, hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. At all relevant times, Nieve was and is an artist and songwriter residing in California.

5. Upon information and belief, Defendant Shaun Hopkins, professionally known as "SoulChef" ("Hopkins"), is an individual residing (or who otherwise maintains a residence) in, and/or doing business in and with, California and this judicial district, including Kobalt Music Publishing America Inc., Urband & Lazar Music Publishing, Inc., and Cinq Music Group, LLC.

6. Upon information and belief, at all relevant times, Defendant Kobalt Music Publishing America Inc. is a Delaware corporation with a principal place of business located at 2 Gansevoort Street, 6th Floor, New York, NY 10014. Kobalt maintains offices and registered agents for service of process in California and this judicial district.

7. Upon information and belief, Kobalt owns and/or controls, in whole or in part, exclusive rights in *Write This Down* and the Derivative Instrumental (defined below). Kobalt is a publisher of the composition of *Write This Down* and the Derivative Instrumental. Kobalt has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *Write This Down* and the Derivative Instrumental; and has earned, collected, and/or distributed revenues and profits generated in connection

with the same since the release of *Write This Down* and the Derivative Instrumental, including in this judicial district.

8.   Upon information and belief, at all relevant times, Defendant Urband & Lazar Music Publishing, Inc. is a Florida corporation with a principal place of business located at 1632 Bel Air Road, Los Angeles, CA 90077.

9.   Upon information and belief, Urband & Lazar Music Publishing owns and/or controls, in whole or in part, exclusive rights in *Write This Down* and the Derivative Instrumental (defined below). Urband & Lazar Music Publishing is a publisher of the composition of *Write This Down* and the Derivative Instrumental. Urband & Lazar Music Publishing has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *Write This Down* and the Derivative Instrumental; and has earned, collected, and/or distributed revenues and profits generated in connection with the same since the release of *Write This Down* and the Derivative Instrumental, including in this judicial district.

10.   Upon information and belief, at all relevant times, Defendant Cinq Music Group, LLC is a California limited liability company with a principal place of business located at 578 Washinton Blvd., Suite 175, Marina Del Rey, CA 90292.

11.   Upon information and belief, Cinq owns and/or controls, in whole or in part, exclusive rights in *Write This Down*. Cinq is a distributor of the composition of *Write This Down*. Cinq has offered for sale or download, sold, reproduced, distributed, prepared derivative works, and/or publicly performed (or authorized or licensed any/all of the foregoing) the composition of *Write This Down*; and has earned, collected, and/or distributed revenues and profits generated in connection with the same, including in this judicial district.

12.   Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency,

affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted all of the acts or conduct alleged, with full knowledge of all violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **<u>ALLEGATIONS COMMON TO ALL CLAIMS</u>**

13.   In or around February 2010, Nieve and Hopkins jointly created the song *Write This Down*.

14.   *Write This Down* was released in or around November 2010 and has since amassed over 200 million listens across digital music streaming platforms.

15.   Since their joint creation and the release of *Write This Down*, Hopkins and Nieve have treated and regarded each other, and held themselves out, as co-owners and co-authors of *Write This Down*, such as registering *Write This Down* with royalty tracking and performing rights organizations as co-authored and co-owned by Nieve and Hopkins.

16.   In 2016, an instrumental version of *Write This Down* was released (the "Derivative Instrumental").

17.   Hopkins has repeatedly stated that Nieve and Hopkins each own half of *Write This Down*, including its 2010 release and its exploitation as part of the 2016 Derivative Instrumental.

18.   Defendants, and each of them, have released, streamed, distributed, monetized, and otherwise exploited *Write This Down* and other songs, including the Derivative Instrumental, that are derivative of and incorporate in whole or substantial part *Write This Down* and in doing so failed to account to Plaintiff for his interest in the aforementioned works.

19.   In or around November 2025, Hopkins' representative informed Nieve that, contrary to his representations and course of conduct since his joint creation of *Write This Down* with Nieve in 2010, Hopkins now claims he is the sole owner of the Derivative Instrumental.

COMPLAINT

20.     Worse still, in or around November 2025, Hopkins registered the Derivative Instrumental with the Copyright Office under Reg. No. SR 1-047-735, and this registration omits any reference to Nieve, his authorship, his ownership, or that by virtue of the foregoing he is the other copyright claimant of the Derivative Instrumental.

21.     Similarly, in or around November 2025, Urband & Lazar Music Publishing registered the Derivative Instrumental with the Copyright Officer under Reg. No. PA 2-554-811, and this registration omits any reference to Nieve, his authorship, his ownership, or that by virtue of the foregoing he is the other copyright claimant of the Derivative Instrumental.

22.     Upon information and belief, Hopkins thus included inaccurate information on the application for the copyright registration with knowledge that it was inaccurate, and as a result the Register of Copyrights would have refused registration as it is had it known of the inaccuracy of that information.

23.     Nieve, consistent with Hopkins' past representations, is at least a joint author and co-owner of *Write This Down*, the Derivative Instrumental, and any other versions of *Write This Down*.

24.      To date, despite co-authoring *Write This Down* and being recognized as a co-author and co-owner of, and with a 50% interest in, *Write This Down* and the derivatives, Nieve has not received his proper share of the profits earned in connection with the various commercial exploitations of *Write This Down* and the Derivative Instrumental, including without limitation receiving no earnings (much less his share) from *Write This Down*'s release on Hopkins' album *Escapism*.

25.     Plaintiff has registered *Write This Down* with the U.S. Copyright Office. Before filing this lawsuit, Nieve contacted Hopkins in an attempt to resolve this dispute. The parties were unable to reach a resolution, necessitating the filing of this action.

///

///

COMPLAINT

<b><u>FIRST CLAIM FOR RELIEF</u></b>

<b>(For Declaratory Judgment Re: Ownership—Against all Defendants, and Each)</b>

26.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

27.     An actual and present controversy now exists between Plaintiff and Defendants regarding Plaintiff's status as a co-owner of the Derivative Instrumental and any other versions of *Write This Down*. Plaintiff is a co-owner of (with a 50% interest in) *Write This Down* and, as such, is also a co-owner of (with a 50% interest in) any/all versions of *Write This Down*, including without limitation the Derivative Instrumental. However, Defendants have wrongfully denied recognition of Plaintiff's status as a co-owner of the Derivative Instrumental, and thus wrongfully denied Plaintiff the credit and share of the earnings generated from the exploitation of the Derivative Instrumental to which Plaintiff is entitled.

28.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff is entitled to a declaration of rights as follows: (a) Plaintiff is a co-owner of the composition, and the sound recording embodying the composition, of the Derivative Instrumental; and (b) Plaintiff is entitled to prospective and retroactive royalties and any/all other earnings generated in connection with the Derivative Instrumental commensurate with his 50% ownership of and interest in the Derivative Instrumental.

29.     Plaintiff further seeks his costs and attorneys' fees in connection with the claims set forth herein as allowed under 17 U.S.C. § 505.

<b><u>SECOND CLAIM FOR RELIEF</u></b>

<b>(For Accounting—Against all Defendants, and Each)</b>

30.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

31.     Plaintiff, as co-owner of *Write This Down* and the Derivative Instrumental, is entitled to his pro rata share of the profits that Defendants have each gained from the

6
COMPLAINT

exploitation of *Write This Down* and any versions or derivatives thereof, including without limitation the Derivative Instrumental.

32.    By commercially exploiting *Write This Down*, the Derivative Instrumental, and the other versions without accounting to Plaintiff for profits, Defendants, and each of them, have wrongfully deprived Plaintiff of his rightful share of income therefrom.

33.    Defendants are in sole control of the books and records needed to ascertain the amounts due to Plaintiff in connection with the claims at issue. Plaintiff has no means by which he can acquire the information necessary to calculate what is owed to him by Defendants, and each of them.

34.    Plaintiff is entitled to an Order of this Court directing Defendants, and each of them, to render a complete and honest accounting of all revenues derived from the exploitation of *Write This Down* and any other versions thereof including without limitation the Derivative Instrumental and all sums due to Plaintiffs and to pay Plaintiffs the sums shown due by such accounting.

35.    Joint copyright owners have a duty to account and pay to their co-owners their portions of any profits realized in connection with the jointly owned copyrights; yet, upon information and belief, Defendants, and each of them, have failed to account or make payments as required.

### THIRD CLAIM FOR RELIEF

**(Declaration of Invalidity of Copyright Registration Number SR 1-047-735— Against Hopkins)**

36.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

37.    Upon information and belief, Hopkins registered the Derivative Instrumental with the Copyright Office on or about November 26, 2025 under Reg. No. SR 1-047-735.

38.    In connection therewith, Hopkins represented to the Copyright Office that Shaun Hopkins was and is the sole author and owner of the work.

39.     Hopkins made those representations with knowledge that they were inaccurate because Nieve is a co-author and co-owner and Hopkins has, on numerous occasions, represented that he and Nieve both own the Derivative Instrumental.

40.     Had the Copyright Office known of Hopkins' material omission, that he had misrepresented the authorship and ownership of the Derivative Instrumental by concealing Nieve's co-authorship and co-ownership of the same, the Copyright Office would have refused the registration as it exists.

41.     An actual and present controversy exists regarding the validity of Reg. No. SR 1-047-735. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff is entitled to a declaration of rights as follows: (a) Plaintiff is a co-author and co-owner of the Derivative Instrumental, and (b) Reg. No. SR 1-047-735 is invalid.

42.     Plaintiff further seeks his costs and attorneys' fees in connection with the claims set forth herein as allowed under 17 U.S.C. § 505.

**FOURTH CLAIM FOR RELIEF**

**(Declaration of Invalidity of Copyright Registration Number PA 2-554-811—**

**Against Urband & Lazar Music Publishing)**

43.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

44.     Upon information and belief, Urband & Lazar Music Publishing registered the Derivative Instrumental with the Copyright Office on or about November 26, 2025 under Reg. No. PA 2-554-811.

45.     In connection therewith, Urband & Lazar Music Publishing represented to the Copyright Office that Shaun Hopkins was and is the sole author and owner of the work.

46.     Urband & Lazar Music Publishing made those representations with knowledge that they were inaccurate because Nieve is a co-author and co-owner and Hopkins has, on numerous occasions, represented that he and Nieve both own the Derivative Instrumental.

47.    Had the Copyright Office known of Urband & Lazar Music Publishing's material omission, that he had misrepresented the authorship and ownership of the Derivative Instrumental by concealing Nieve's co-authorship and co-ownership of the same, the Copyright Office would have refused the registration as it exists.

48.    An actual and present controversy exists regarding the validity of Reg. No. PA 2-554-811. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff is entitled to a declaration of rights as follows: (a) Plaintiff is a co-author and co-owner of the Derivative Instrumental, and (b) Reg. No. PA 2-554-811 is invalid.

49.    Plaintiff further seeks his costs and attorneys' fees in connection with the claims set forth herein as allowed under 17 U.S.C. § 505.

### FIFTH CLAIM FOR RELIEF

### (Breach of Contract—Against Hopkins)

50.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

51.    Plaintiff and Hopkins entered into an agreement relating to their joint creation of *Write This Down* whereunder they would equally split any and all proceeds from that song and any versions or derivatives thereof.

52.    Plaintiff at all times performed under that agreement.

53.    Hopkins breached that agreement by failing to fully account to, and share proceeds with Plaintiff, thereby depriving Plaintiff of his benefits under the agreement.

54.    Due to Hopkins' infringement, Nieve has suffered damages in an amount to be established at trial.

### PRAYER FOR RELIEF

### (Against All Defendants, and Each)

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

a. A declaration that: (a) Plaintiff is a co-owner of the composition, and the sound recording embodying that composition, of the Derivative Instrumental; (b) Plaintiff

is entitled to the earnings (including without limitation retroactive and prospective royalties, licensing fees, etc.) generated in connection in the Derivative Instrumental commensurate with his 50% ownership of and interest in the same; (c) the Reg. No. SR 1-047-735 is invalid; and (d) the Reg. No. PA 2-554-811 is invalid;

b. That the Court order an accounting of all revenues derived from the exploitation of *Write This Down* and the Derivative Instrumental by Defendants;

c. That Plaintiff be awarded his actual damages and any benefits wrongfully obtained by Defendants, and each of them;

d. Awarding Plaintiff his attorneys' fees and recoverable costs as incurred in this action;

e. Awarding Plaintiff pre- and post-judgment interest as allowed by law; and

f. Awarding Plaintiff such further and other relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 20, 2026

By: /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Benjamin F. Tookey, Esq.
Nelson A. Campbell, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*

COMPLAINT